IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
DIV.
2011 FEB -4 PM 1:32

CLERK R. ack
SO. DIST. OF GA.

ERIC MITCHELL BLANTON,

Plaintiff,

v. : CIVIL ACTION NO.: CV210-190

JOHN LEE,

Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Calhoun State Prison in Morgan, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of

§ 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff's complaint is difficult to decipher, but it appears he believes that Defendant Lee conspired with an individual named Holly Carter to give certain testimony at Plaintiff's probation revocation hearing that resulted in Plaintiff being sentenced to serve over 3 years' imprisonment. Plaintiff also claims that the warrant sought for his arrest in connection with a motor vehicle theft was improper and was a conspiracy to cover up a crime committed by an individual named Brent Morton.

In general, the distinction between claims which may be brought under § 1983 and those which must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being exposed to an excessive amount of force, are § 1983 actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a

court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In other words,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87. The relief Plaintiff seeks would require an invalidation of his conviction.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claim be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _4th_ day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE